[No. 17635.    Department One.    April 20, 1923.]

GEO. BUTTERS, *Respondent,* v. FLOYD OLES *et al., doing business as San Juan Lumber Company, Appellants.*[1]

PLEADING (28)—COMPLAINT—SEPARATE CAUSES OF ACTION. In an action upon an assigned account, the complaint states but a single cause of action, notwithstanding in addition to alleging the assignment to plaintiff and defendant's acceptance thereof, it further states that, at the time of the acceptance, defendant represented to plaintiff that it was indebted to the assignor in more than the amount of the account assigned, and that plaintiff relied thereon; and defendant is estopped to dispute the same.

ESTOPPEL (45)—REPRESENTATIONS. Where, on accepting an assignment of an account, the debtor represented to the assignee that it was indebted to the assignor in more than the amount of the account assigned, the debtor is estopped to dispute the fact, in an action brought upon the assigned account.

Appeal from a judgment of the superior court for King county, Smith, J., entered August 27, 1922, upon

[1]Reported in 214 Pac. 629.

findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Otto D. Anderson,* for appellants.

*Henry W. Parrot,* for respondent.

BRIDGES, J.—J. Bogatin and W. B. Severyns were copartners operating under the name of Port Madison Lumber Mill. The appellants Oles and Gossette were copartners operating under the name of San Juan Lumber Company, their business being chiefly the buying and selling of lumber. The appellants Brewster and Clarke were bondsmen for the San Juan Lumber Company in connection with a garnishment against that company.

Shortly prior to December 11, 1920, the respondent, Butters, sold certain saw logs to the Port Madison Lumber Mill and thereby it became indebted to him in the sum of $980.25. The San Juan Lumber Company was indirectly connected with this sale. On December 11, 1920, the respondent, not having received his pay, and being uneasy concerning it, was informed by the Port Madison Lumber Mill that the San Juan Lumber Company was indebted to it in excess of $1,500 for lumber sold it, and that it would pay its bill to the respondent by assigning to him its account against the San Juan Lumber Company in an amount sufficient to pay him. Thereupon a written assignment was made and executed which recognized the amount of the indebtedness from the lumber mill to respondent, and assigned to him its "right, title, claim and interest in and to the moneys due and to become due to the undersigned from San Juan Lumber Company, of Seattle, Washington, and authorize and direct said San Juan Lumber Company to pay to said Geo. Butters, Trustee or order, the sums herein agreed to be paid at the

times herein mentioned and charge the sums so paid or to be paid to our account.'' This assignment was accepted in writing by the San Juan Lumber Company. Subsequently, the last named company paid to the respondent $200 and refused to pay any further sum under the assignment, for the alleged reason that it was not indebted to the assignor, the Port Madison Lumber Mill, in any further sum. The respondent then brought suit against the San Juan Lumber Company on the written assignment and acceptance above mentioned.

The complaint alleged, and the proof satisfactorily shows, that, at the time of its acceptance of the written assignment, the San Juan Lumber Company expressly stated to the respondent that at that time it was indebted to the assignor, Port Madison Lumber Mill, in a sum in excess of the amount of such assignment. The proof also satisfactorily shows that the respondent relied upon this representation, and because thereof accepted the assignment and waived other means of enforcing his obligation against the assignor. The testimony as to the facts just stated is in dispute, but the trial court found them as we have stated them, and a reading of the record convinces us of the correctness of these findings. The defendants have appealed from a judgment in favor of the plaintiff.

It is first claimed that there are two causes of action set up in the complaint; one being the written assignment and acceptance thereof, and the other founded upon the allegation that the appellant San Juan Lumber Company, at the time of accepting the assignment, stated that it was indebted to the assignor in a sum more than sufficient to pay the amount assigned, and that because thereof it was estopped to now deny such indebtedness.

There is only one cause of action stated, and that is on the written assignment and its acceptance, together with such pleaded facts as show that the San Juan Lumber Company is not now in position to deny that, at the time of accepting the assignment, it was indebted to the assignor in a sum in excess of the amount assigned. But for such representations, it could successfully plead that it did not owe the assignor anything and therefore was under no obligation under the written assignment to pay the respondent anything. But the testimony shows the respondent relied upon the representations so made by the San Juan Lumber Company, and it cannot now be heard to say that it should not pay because it is not indebted to the assignor.

Appellant argues at some length to the effect that the facts pleaded and proved by the respondent do not constitute an estoppel of the San Juan Company. We are convinced, however, that every element of estoppel exists in this case.

What we have already said shows that we cannot agree with the contention of the appellant to the effect that the testimony was insufficient to support the judgment in favor of the respondent, and is sufficient answer to the contentions of the appellant that the evidence does not support certain findings made by the trial court, of which it complains.

We think the judgment of the trial court was right and it is affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.